IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TYLER HARDEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-162 |
| § | |
| MARITRANS OPERATING COMPANY, § | |
| L.P. et al. § | |
| § | |
| Defendants. § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This case arises out of injuries allegedly sustained by Tyler Harden ("Plaintiff") while employed by Maritrans Operating Company ("Defendant"). Now before the Court comes Defendant's Motion to Transfer Venue to the District of Delaware. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.

I.  Background

Plaintiff was employed as an Assistant Engineer aboard the M/T INTEGRITY ("INTEGRITY"). At the time of the alleged incident, the vessel was located on Delaware Bay. Plaintiff allegedly slipped and fell while descending a stairwell. Defendant now moves to transfer this case to the District of Delaware.

II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.   Analysis

*A.   Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important" factor in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant lists five of its employees as possible witnesses. One lives in Delaware and the

others do not live in either Delaware or Texas. Defendant can compel the attendance at trial of its own employees, so the availability and convenience of these potential witnesses is given less weight. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003). Defendant also lists three Delaware doctors who treated Plaintiff after his injury.

Plaintiff adds Dr. Donovan, Dr. Clayton, and Dr. McCoin, all located in this District, to the list of likely witnesses. Since Dr. Donovan is currently treating Plaintiff and has treated him for previous injuries, his testimony will likely be the most important in the case. Plaintiff also lists several other key fact witnesses who live in the District. Since Defendant can compel the testimony of its employee witness and the most important witnesses are located in the District, this factor weighs against transfer.

B. Location of Books and Records

The location of books and records is generally of little importance in this type of case. However, since Plaintiff has had a previous lawsuit involving previous injuries in this Court, the availability of medical records and information contained in the prior case file will be somewhat easier if trial moves forward in this Court. This factor weighs slightly against transfer.

C. Potential for Delay

Trial in this case is set for February, 2006. While any transfer causes some delay, Plaintiff has not shown that transfer at this stage would cause a significant and unusual delay. *See, e.g. In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("[I]n rare or special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This factor weighs neither for nor against transfer.

D. Plaintiff's Choice of Forum

Defendant acknowledges that the Plaintiff's choice of forum is generally entitled to great deference, but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff lives in Alabama. Though Plaintiff's choice of forum may receive less deference than it otherwise would, it is still relevant for consideration by the Court. Defendant would have this case transferred to Delaware, much further away from Alabama than this District. This factor weighs against transfer.

### E. Place of the Alleged Wrong

Defendant also argues that the Court should consider the place of the alleged wrong. At the time of Plaintiff's injury, the vessel was operating in the Delaware Bay. This factor weighs in favor of transfer.

### IV. Conclusion

Transferring this case to Delaware would shift the inconvenience inherent in litigation to the Plaintiff without good reason. For that reason and those outlined above, Defendant's Motion to Transfer is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 16th day of September, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge