IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TYLER HARDEN, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § | CIVIL ACTION NO. G-05-162 |
| MARITRANS OPERATING COMPANY, L.P. et al. | | |
| Defendants. | | |

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

Now before the Court is Defendant Maritrans Operating Company, L.P.'s ("Defendant") Motion for Sanctions in accordance with Fed. R. Civ. P. 11.  In its Motion, Defendant argues that Plaintiff has erroneously alleged that Defendant has denied or unreasonably delayed payment of maintenance and cure benefits.  As Defendant points out, pleadings violate Rule 11 when "they contain allegations or other factual contentions that lack evidentiary support, or that are unlikely to have evidentiary support after a reasonable opportunity for discovery." Motion at 5.  Despite providing the Court with the correct legal standard, Defendant has not offered sufficient support for its contention, other than its disagreement with the statement.  Defendant has showed evidence of payment of some of Plaintiff's bills.  However, Plaintiff alleges that there are additional bills to be paid.  Defendant has not shown why this statement is without evidentiary support.  Mere disagreement among the Parties does not rise to the level of sanctionable conduct.  Plaintiff has provided the Court with sufficient documentation of medical bills and correspondence to withstand Rule 11 Sanctions.  The Court makes no finding as to the accuracy of Plaintiff's statements. Rather,

it finds that the statements are not without evidentiary support.  Accordingly, Defendant's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED**.

**DONE** this 16th day of February, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge